UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS GELETA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ANTHONY WILLIAMS, and )<br>DEPARTMENT OF MENTAL )<br>HEALTH, )<br>)<br>Defendants. )<br>_____) | CIVIL ACTION NO.: 06-01822 (RJL) |

## DEFENDANTS MAYOR ANTHONY WILLIAMS AND THE DEPARTMENT OF MENTAL HEALTH'S MOTION TO DISMISS THE COMPLAINT

Defendants, Mayor Anthony Williams ("Mayor Williams") and the Department of Mental Health ("DMH"), by and through undersigned counsel, pursuant to F.R.C.P. 12(b)(6), hereby move that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted for the following reasons: 1) the named defendants are not proper parties to this action; 2) Mayor Williams is entitled to qualified immunity in a suit against him in his individual capacity; and 3) defendant DMH respectfully moves this Court to dismiss the plaintiff's Complaint because DMH is *non sui juris*.

A Memorandum of Points and Authorities is attached hereto. Because this is a dispositive motion, the defendants are not required to seek the plaintiff's consent pursuant to LCvR 7.1(m).

Respectfully submitted,

EUGENE A. ADAMS
Interim Attorney General

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____/s/_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail: toni.jackson@dc.gov

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS GELETA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 06-01822 (RJL) |
| ) | |
| ANTHONY WILLIAMS, ) | |
| DEPARTMENT OF MENTAL ) | |
| HEALTH, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

Defendants, Mayor Anthony Williams ("Mayor Williams") and the Department of Mental Health ("DMH"), by and through undersigned counsel, pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted for the following reasons: 1) Mayor Williams is not a proper party to this action; 2) Mayor Williams is entitled to qualified immunity in a suit against him in his individual capacity; and 3) defendant DMH respectfully moves this Court to dismiss the plaintiff's Complaint because DMH is *non sui juris*.

### *I. BACKGROUND*

Plaintiff files this lawsuit against the Mayor Williams and DMH alleging "discrimination in retaliation against him for participating in the EEO process." (sic) (Complaint, ¶ 1.) The plaintiff cites various statutes, notably 42 U.S.C. §§ 2000(e), 1981(a) and 1983.  (Complaint ¶ 1.)

3

Plaintiff alleges he "provided a written statement containing facts that were in support of" a complaint of discrimination by a coworker in November 2004. (Complaint ¶ 9.) Plaintiff further alleges that, in March through April of 2005, DMH officials "retaliated against [him] by reassigning him from his position as the Project Director for [D.C. Children Inspired Now Gain Strength] into a succession of untitled, non-supervisory positions within DMH." (Complaint ¶¶ 9-10.) As to Mayor Williams, plaintiff states that "he is here sued only in his official capacity the Mayor of the District of Columbia." (sic) (Complaint, ¶ 5.) In his Complaint, however, the plaintiff describes no wrongdoing by the Mayor, no knowledge of or participation by the Mayor in any of the acts alleged in the Complaint or any District of Columbia policy or custom that could give rise to any liability in this case.

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to SCR-Civil 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court

need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

Because the plaintiff has failed to state a claim upon which relief may be granted, his Complaint against Mayor Williams and DMH should be dismissed in its entirety.

### *III.  ARGUMENT*

A.  MAYOR WILLIAMS IS NOT A PROPER PARTY TO THIS ACTION

Mayor Williams should be dismissed from this lawsuit, because plaintiff sued him in his official capacity. (*See* Complaint, ¶ 5.)

It is well settled that a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. United States*, 491 U.S. 58, 71 (1989*),* citing *Brandon v. Holt*, 468 U.S. 464 (1985).  Therefore, "there is no longer a need to bring official capacity actions against local government officials, for  . . . local government units can be sued directly . . ." *Kentucky v. Graham*, 473 U.S. 159, 165-168 (1985).  *See Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 (D.D.C. 2005)(Mayor Williams dismissed from suit when named only in his official capacity.)

Based on the foregoing, Mayor Williams should be dismissed from this lawsuit because plaintiff brought this action against Mayor Williams in his official capacity.

5

## B. MAYOR WILLIAMS IS ENTITLED TO QUALIFIED IMMUNITY

Alternatively, the plaintiff's Complaint should be dismissed because Mayor Williams is entitled to qualified immunity. *See Barham v. Ramsey*, 2006 U.S. App. LEXIS 807 * 14 (internal citations omitted) ("Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'").

The Supreme Court outlined its two-part test for examining claims of qualified immunity:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [Mayor's] conduct violated a constitutional right? … If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) (internal citations omitted).

In this case, in the absence of *any* facts describing Mayor Williams' participation in—or even awareness of—any of the acts of other individuals described in the Complaint, the Court cannot answer the threshold question in the affirmative. Furthermore, even if the plaintiff had alleged that the Mayor knew of the circumstances alleged in his Complaint, those circumstances do not show a violation of a "clearly established" right. Accordingly, the plaintiff cannot recover in a suit against the Mayor in his individual capacity as a matter of law.

  C.  DEPARTMENT OF MENTAL HEALTH IS NON SUI JURIS

As an agency within the District of Columbia Government, the Department of Mental Health is *non sui juris* and cannot be a party to this lawsuit.

The law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities." *Does I through III v. District of Columbia,* 238 F.Supp.2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F.Supp.2d 43, 48 (D.D.C. 1999) (in turn citing *Fields v. District of Columbia Dep't of Corr.,* 789 F.Supp.2d 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore,* F. upp.28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities") (citing *Robertson v. District of Columbia Bd. of Higher Educ.,* 359 A.2d 28, 31, n.4 (D.C. 1976); *Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974). The statutory powers and duties of the Department of Mental Health, set forth in D.C. Code § 7-1101 (2006), *et seq.*, contain no provision for the Department to be sued in its own name. Accordingly, the Department of Mental Health is not a proper party to this action, therefore, all claims against DMH must be dismissed.

For the foregoing reasons, defendants Mayor Anthony Williams and the Department of Mental Health respectfully request that this Court dismiss plaintiff's Complaint in its entirety.

          Respectfully submitted,

          EUGENE A. ADAMS
          Interim Attorney General

          GEORGE C. VALENTINE
          Deputy Attorney General, Civil Litigation Division

                    /s/
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

                    /s/
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

Case 1:06-cv-01822-RJL     Document 3     Filed 11/16/2006     Page 8 of 9

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NICHOLAS GELETA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ANTHONY WILLIAMS, ) <br> DEPARTMENT OF MENTAL ) <br> HEALTH, ) <br> ) <br> Defendants. ) <br> _____) | CIVIL ACTION NO.: 06-01822 (RJL) |

## ORDER

Upon consideration of defendants Mayor Anthony Williams and the Department of Mental Health's Motion to Dismiss the Complaint on all counts, the Memorandum of Points and Authorities, and any opposition thereto, for the reasons stated in defendant's Motion, it is by the Court this \_\_\_\_ day of November, 2006,

**ORDERED**: That defendants Mayor Anthony Williams and the Department of Mental Health's Motion to Dismiss on all counts is **GRANTED**.

　　　　　　　　　　　　　　　　　　　　　　　　 _____
　　　　　　　　　　　　　　　　　　　　　　　　 RICHARD J. LEON
　　　　　　　　　　　　　　　　　　　　　　　　 United States District Judge

Copies to:

David H. Shapiro　　　　　　　　　　　　　　　Toni Michelle Jackson
James E. Simpson　　　　　　　　　　　　　　Assistant Attorney General
SWICK & SHAPIRO, P.C.　　　　　　　　　　441 Fourth Street, N.W., Suite 6S052
1225 Eye Street, N.W.　　　　　　　　　　　Washington, D.C. 20001
Suite 1290
Washington, D.C. 20005