UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **NICHOLAS GELETA** | ) | |
| **Plaintiff,** | ) | |
| v. | ) | Civil Action No.: 06-01822 (RJL) |
| **ANTHONY WILLIAMS,** Mayor, District of Columbia | ) | |
| and | ) | |
| **DEPARTMENT OF MENTAL HEALTH** | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

### INTRODUCTION

Plaintiff Nicholas Geleta has filed an employment discrimination suit regarding his employment in the District of Columbia Department of Mental Health. In his Complaint, plaintiff alleges that after he provided a written statement in support of his African-American superior's EEO complaint of race discrimination, officials of the Department of Mental Health retaliated against him by reassigning him to a series of untitled, non-supervisory positions. *See generally* Complaint.

Defendants have now moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the complaint because (1) the named defendants are not proper parties, (2) Mayor Williams has qualified immunity in suits against him personally, and (3) that the Department of Mental Health is *non sui juris*. *See* Defendant Mayor Anthony Williams and the Department of Mental Health's

Motion to Dismiss the Complaint ("Def's Motion") at 1.  Defendants do not, however, allege any substantive deficiencies with the claim itself.  *See generally* Def's Motion.

This Court should not dismiss the instant action because Mayor Anthony Williams is a proper party to this suit, as he is being sued in his official capacity.  In the alternative, this Court should allow plaintiff to file an amended complaint (see attachment 1) that will formally add the District of Columbia, while dropping the Department of Mental Health, as a named defendant.[1]

## DISCUSSION

I.     **PLAINTIFF HAS ADEQUATELY PLED A CASE OF DISCRIMINATION.**

    A.     **Legal Standard.**

The purpose of a motion to dismiss is not to test whether the plaintiff will prevail on the merits, but rather whether the plaintiff has properly stated a cause of action.  *Glymph v. District of Columbia*, 180 F.Supp.2d 111, 113 (D.D.C. 2001).  The plaintiff's burden to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted is to provide a complaint with a short and plain statement of the claim and the grounds on which it rests.  *See* Fed.R.Civ.P. 8(a)(2); *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002*)*; *Pinnacle Airlines, Inc. v. National Mediation Bd.*, No. 03-1642, 2003 WL 23281961, * 1 (D.D.C. Nov. 5, 2003) (*citing Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Thus, dismissal is appropriate under Rule 12(b)(6) only if defendant demonstrates that the plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." *Conley,* 355 U.S. at 45-46.

---

[1] Plaintiff is suing Mayor Williams in his official capacity only.  *See* Complaint, ¶5.  Thus, this opposition does not address defendants' claim that Mayor Williams is protected against a suit against him individually via qualified immunity.

**B.     Mayor Williams Is a Proper Party.**

The Court should not dismiss plaintiff's complaint for lack of a proper party, as plaintiff has sued Mayor Anthony Williams in his official capacity as Mayor of the District of Columbia. This Court has expressly held that a suit against Mayor Williams in his official capacity sufficiently brings a claim against the District of Columbia government: "The Mayor of the District of Columbia, Anthony Williams, sued in his official capacity, is a proper defendant, and the suit against Mayor Williams shall be treated as a suit against the District of Columbia." *Foggy Bottom Ass'n v. District of Columbia Office of Planning*, 441 F.Supp.2d 84, 88 (D.D.C. 2006); *see Arnold v. Moore*, 980 F.Supp. 28, 36 (D.D.C. 1997) ("It is well settled that if the plaintiff is suing the defendants in their official capacities, the suit is to be treated as a suit against the District of Columbia."). *But see Robinson v. District of Columbia*, No. 03-1455, 2005 WL 491467 (D.D.C. Mar. 2, 2005) (dismissing Mayor Williams, but noting that "[a]ny claims against defendant Williams in his official capacity *proceed against the District of Columbia*"). (emphasis added).

In this case, plaintiff sued Mayor Williams in his official capacity only.  *See* Complaint, ¶5 ("Mr. Williams is here sued only in his official capacity [as] the Mayor of the District of Columbia."). Further, plaintiff noted Mayor Williams's position as the head of the District of Columbia government – "a governmental entity created by Congress pursuant to Article I, Section 8 of the Constitution of the United States." *See id.* Plaintiff's intent is clear – he is suing the Mayor as the head of the District of Columbia government. There is simply no way to construe his suit as a personal suit against the Mayor in his individual capacity.

Plaintiff concedes that as an agency of the District of Columbia, the Department of

Mental Health (DMH) does not have the power to sue or be sued, and thus agrees to drop DMH as a named defendant. Plaintiff, however, has properly sued the Mayor. Accordingly, this Court cannot dismiss plaintiff's complaint for lack of a proper party.

    **C.    Plaintiff's Complaint Properly States a Claim Upon Which Relief Can Be Granted.**

Defendants allege no other deficiencies with plaintiff's complaint – nor can they, as plaintiff's complaint adequately pleads a case of employment discrimination. As such, this Court should not dismiss the complaint for failure to state a claim upon which relief can be granted. To be sufficient, a plaintiff's complaint need only put the defendant on fair notice of the claim against it so it has an opportunity to file a responsive answer and to prepare an adequate defense. *Swierkiewicz*, 534 U.S. at 514. Indeed, the standard for surviving a motion to dismiss in an employment discrimination case is minimal. *See Rochon v. Ashcroft*, 319 F.Supp.2d 23, 28 (D.D.C. 2004) ("The D.C. Circuit has promulgated a liberal pleading standard for discrimination allegations because discrimination claims are those upon which relief can be granted.").

Plaintiff's complaint sufficiently alleges a retaliation claim. The complaint states that plaintiff observed that his supervisor, Velva R. Taylor-Spriggs, "was subjected to discriminatory treatment based on her race." Complaint, ¶ 9. Subsequently, plaintiff provided a written statement in support of Ms. Taylor-Spriggs's claim of discrimination against DMH officials. *Id.* After he participated in the EEO process, DMH officials retaliated against plaintiff by reassigning him from his position as Project Director (a supervisory and managerial position) to a series of untitled, non-supervisory positions. *Id.*, ¶ 10. DMH has yet to return plaintiff to an equivalent position. *Id.*

This is all plaintiff must plead at this early stage. Accordingly, this Court should deny defendants' motion to dismiss and allow this case to proceed on its merits.

## II.  ALTERNATIVELY, PLAINTIFF SEEKS TO FILE AN AMENDED COMPLAINT.

In the alternative, plaintiff seeks leave of the Court to file an amended complaint that will add the District of Columbia, while dropping DMH, as a named defendant. Plaintiff has conferred in good faith with opposing counsel prior to filing the instant motion. Opposing counsel, however, refused consent for plaintiff's proposed amendment, offering no explanation.

When a party seeks to amend a complaint, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In the instant case, plaintiff has brought a valid complaint of employment discrimination and seeks this Court's assistance in vindicating his rights. Justice requires that the courts afford plaintiffs every opportunity to bring such claims. In fact, both Congress and the courts have taken pains to ensure judicial access to victims of employment discrimination. *See, e.g., Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (stating that the fee-shifting provisions of civil rights legislation are there "to ensure effective access to the judicial process"); *Rochon*, 319 F.Supp.2d at 28 ("The D.C. Circuit has promulgated a liberal pleading standard for discrimination allegations because discrimination claims are those upon which relief can be granted.").

As noted above, plaintiff has properly named Mayor Williams as a defendant in this suit, as he is named in his official capacity as the head of the District of Columbia government. If this Court, however, determines that maintaining Mayor Williams as a named defendant is insufficient for this suit to proceed, then it should allow plaintiff to file an amended complaint

that comports with his clear intent to sue the party responsible for the actions of DMH officials.[2]

## CONCLUSION

For the reasons stated herein, this Court must deny defendants' motion to dismiss. In the alternative, this Court should at least grant plaintiff leave to file the attached Amended Complaint.

Respectfully submitted,

\_\_\_\_\_/s/_____
David H. Shapiro
D.C. Bar # 961326
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005
(202) 842-0300
(202) 842-1418 (facsimile)

Attorneys for Plaintiff

---

[2] For the Court's convenience, plaintiff has attached an amended complaint to this motion if the Court should deem it necessary. *See* attachment 1 (Amended Complaint).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NICHOLAS GELETA** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ANTHONY WILLIAMS,** )<br>**Mayor, District of Columbia** )<br>)<br>and )<br>)<br>**DEPARTMENT OF MENTAL** )<br>**HEALTH** )<br>)<br>**Defendants.** )<br>) | **Civil Action No.: 06-01822 (RJL)** |

## ORDER

Upon consideration of Plaintiff's Opposition to Defendant's Motion to Dismiss, it is this

_____ day of December, 2006 **ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

                                                                                                        _____
                                                                                                        United States District Judge

Copies to:

David H. Shapiro
SWICK & SHAPIRO, P.C.
1225 Eye Street, N.W.
Suite 1290
Washington, D.C. 20005

Toni Michelle Jackson
Assistant Attorney General
441 Fourth Street, N.W.
Suite 6S052
Washington, D.C. 20001

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS GELETA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.: 06-01822 (RJL) |
| ) | |
| ANTHONY WILLIAMS, ) | |
| Mayor, District of Columbia ) | |
| ) | |
| and ) | |
| ) | |
| THE DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendants. ) | |

**AMENDED COMPLAINT**
**(Employment Discrimination/Retaliation)**

**Introduction**

1. Plaintiff, Nicholas Geleta, brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. §§2000e *et seq.*, and as further amended by section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§1981a and 1983, to remedy acts of discrimination in retaliation against him for participating in the EEO process.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), specifically 42 U.S.C. §§2000e-16(c). Plaintiff has exhausted his administrative remedies by virtue of the fact that he filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC)

on September 1, 2005 alleging discrimination in the form of retaliation, EEOC No. 100-2005-02016, and less than 90 days have elapsed since the EEOC issued a Right to Sue letter that was received by plaintiff on July 24, 2006.

### Venue

3.  Pursuant to 28 U.S.C. Section 1391(b) and 42 U.S.C. Section 2000e-5(f)(3), venue is proper in this judicial district.  Dr. Geleta is employed by the District of Columbia government and the acts of discrimination took place within the District of Columbia.

### Parties

4.  Nicholas Geleta is a citizen of the United States and of the State of Virginia.  He is currently employed as a Certification Project Manager, serving in the Office of Accountability, Department of Mental Health (DMH), District of Columbia government.

5.  Defendant Anthony A. Williams is the Mayor of the District of Columbia.  The District of Columbia is a governmental entity created by Congress pursuant to Article I, Section 8 of the Constitution of the United States.  As Mayor of the District of Columbia, Mr. Williams is the head of the government of the District of Columbia, and, as such, he is responsible for the personnel actions, omissions and practices thereof.  Thus, Mr. Williams is here sued only in his official capacity as the Mayor of the District of Columbia.

6.  Defendant District of Columbia is a governmental entity created by Congress pursuant to Article I, Section 8 of the Constitution of the United States.  The Department of Mental Health is an agency within the District of Columbia government.

### Statement of Facts

7.  Dr. Geleta has a Ph.D. and has been a long-time employee of the District of

Columbia government and the Department of Mental Health.

8. In the fall of 2004, Dr. Geleta was serving as the Project Director for the D.C. Children Inspired Now Gain Strength (DCCINGS), a position in which he exercised supervisory and managerial authority. His immediate supervisor was Velva R. Taylor-Spriggs, an African-American who was the Director, Child and Youth Services Division, Office of Policy and Programs, DMH.

9. During a meeting on October 12, 2004, Dr. Geleta observed that Ms. Taylor-Spriggs was subjected to discriminatory treatment based on her race. As a result of Ms. Taylor-Spriggs filing complaints of discrimination and the ensuing investigations into the matter, in November 2004 Dr. Geleta provided a written statement containing facts that were in support of Ms. Taylor-Spriggs' complaint of discrimination.

10. Following his participation in the EEO process as stated in Paragraph 9, above, officials of DMH retaliated against Dr. Geleta by reassigning him from his position as the Project Director for DCCINGS into a succession of untitled, non-supervisory positions within DMH. These reassignments occurred during the period March-April 2005, and since then Dr. Geleta has not been returned to his former job or an equivalent supervisory/managerial position.

11. Dr. Geleta timely filed a charge of discrimination (retaliation) with the EEOC on September 1, 2005, EEOC No. 100-2005-02016. On July 24, 2006, Dr. Geleta received a Right to Sue Letter from the EEOC concerning his charge of discrimination.

## Statement of Claim

12. By discriminating against Dr. Geleta for his participation in the EEO investigation process, defendant has unlawfully retaliated against him.

13. As a result of this unlawful retaliation, plaintiff has suffered and continues to suffer a loss of pay, a severe curtailment of career opportunities, and personal and professional humiliation.

## Prayer for Relief

WHEREFORE, plaintiff prays that this Court enter judgment in his favor and against defendant on all claims brought herein and provide him with the following relief:

a. award plaintiff compensatory damages against defendant to the maximum extent permitted by law, plus interest thereon;

b. order defendant to retroactively restore plaintiff to his Program Director position with full benefits, including all cash awards, promotions, pay increases to which he otherwise would have been entitled had he remained in that position;

c. award plaintiff full back pay, with interest thereon;

d. enjoin defendant from discriminating or retaliating against plaintiff in the future;

e. award plaintiff the costs of bringing and maintaining this civil action and the administrative charges that preceded it, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 2000e-5(k); and

f. award plaintiff such other and further relief as the interests of justice may require.

## Jury Demand

Plaintiff hereby requests a jury trial on all issues of fact and damages.

        Respectfully submitted,


        _____/S/_____
        David H. Shapiro
        D.C. Bar # 961326
        James E. Simpson
        D.C. Bar # 482870
        SWICK & SHAPIRO, P.C.
        1225 Eye Street, N.W.
        Suite 1290
        Washington, D.C. 20005
        (202) 842-0300
        (202) 842-1418 Fax

        Attorneys for Plaintiff