UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NICHOLAS GELETA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: 06-01822 (RJL) |
| ) | **DEMAND FOR JURY TRIAL** |
| DISTRICT OF COLUMBIA, et. al. ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

### DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants District of Columbia ("the District") and the Department of Mental Health ("DMH"), collectively the defendants,[1] by and through undersigned counsel, hereby answer the Complaint in the above-captioned matter. The defendants assert that anything not specifically admitted herein is denied, and answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The Defendants state the following in response to the individually numbered paragraphs in the complaint:

---

[1] The plaintiff's Complaint identifies the defendants in this action as Anthony Williams and the Department of Mental Health ("DMH"). These defendants should be dismissed from this case. First, Mayor Williams is sued, "in his official capacity the Mayor of the District of Columbia." (sic)Complaint, ¶ 5. Because a suit against a District of Columbia official sued in his or her official capacity is the legal equivalent of a suit against the District of Columbia, the District will refer to the defendant in this lawsuit as the District of Columbia or simply "the District." *See* Kentucky v. Graham, 473 U.S. 159, 167 (1985). Second, DMH is *non sui juris. See Does I through III v. District of Columbia,* 238 F.Supp.2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F.Supp.2d 43, 48 (D.D.C. 1999) (in turn citing *Fields v. District of Columbia Dep't of Corr.,* 789 F.Supp.2d 20, 22 (D.D.C. 1992)); *see also Arnold v. Moore,* F. Supp. 28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities") (citing *Robertson v. District of Columbia Bd. of Higher Educ.,* 359 A.2d 28, 31, n.4 (D.C. 1976); *Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974).

## Introduction

1. The allegations asserted in paragraph 1 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 1 contains factual allegations, the Defendants deny all factual allegations contained in paragraph 1 and demand strict proof thereof at trial.

## Jurisdiction

2. The allegations asserted in paragraph 2 of the Complaint are legal conclusions to which no response is required. The Defendants acknowledge the statutes cited in paragraph 2 of the Complaint, but do not admit that jurisdiction is necessarily conferred therefrom.

## Venue

3. The allegations asserted in paragraph 3 of the Complaint are legal conclusions to which no response is required. The Defendants acknowledge the statutes cited in paragraph 3 of the Complaint, but do not admit that venue is necessarily conferred therefrom.

## Parties

4. To the extent that paragraph 4 contains factual allegations, the Defendants are without sufficient information to admit or deny said allegations.

5. The allegations asserted in paragraph 5 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 5 contains factual allegations, the Defendants deny said allegations and demand strict proof thereof at trial.

6. The Defendants admit the allegations contained in paragraph 6 of the Complaint.

## Statement Of Facts

7. The Defendants are without sufficient information to admit or deny any factual allegations contained in paragraph 7.

8. The Defendants admit that plaintiff served as a project coordinator with the D.C. Children Inspired Now Gain Strength, and that Ms. Taylor-Spriggs was his immediate supervisor for a period of time. The remaining allegations asserted in paragraph 8 of the Complaint are legal conclusions to which no response is required.

9. The Defendants are without sufficient information to admit or deny any factual allegations contained in paragraph 9.

10. The allegations asserted in paragraph 10 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 10 contains factual allegations, the Defendants deny said allegations and demand strict proof thereof at trial.

11. The allegations asserted in paragraph 11 of the Complaint are legal conclusions to which no response is required.  To the extent that paragraph 11 contains factual allegations, the Defendants deny said allegations and demand strict proof thereof at trial.

## Statement of Claim

12. The allegations asserted in paragraph 12 of the complaint are legal conclusions to which no response is required.  To the extent that paragraph 12 contains factual allegations, the Defendants deny said allegations and demand strict proof thereof at trial.

13. The allegations asserted in paragraph 13 of the complaint are legal conclusions to which no response is required.  To the extent that paragraph 13 contains factual allegations, the Defendants deny said allegations and demand strict proof thereof at trial.

### Prayer for Relief

14. Paragraph 14, and its subparts, consists of a prayer for relief to which no response is required.

### THIRD DEFENSE

Further answering the Complaint, the defendants deny all allegations not specifically admitted or otherwise answered herein.

### FOURTH DEFENSE

The defendants deny all allegations of wrongdoing, including but not limited to violations of statutory law.

### FIFTH DEFENSE

If plaintiff was injured or damaged as alleged, such injuries were the result of her own intentional or otherwise wrongful conduct.

### SIXTH DEFENSE

Plaintiff may have failed to fully comply with the mandatory notice requirements of D. C. Code § 12-309 (2001).

### SEVENTH DEFENSE

Plaintiff may have failed to exhaust her administrative remedies, and/or timely file his grievance and/or lawsuit.

### EIGHTH DEFENSE

Plaintiff may have failed to mitigate his damages.

### NINTH DEFENSE

The defendants' employment decisions were legitimate and non-discriminatory.

## TENTH DEFENSE

The defendants assert immunity and absence of bad faith.

## ELEVENTH DEFENSE

The action may be barred by the statute of limitations.

## TWELFTH DEFENSE

The action may be barred by issue or claim preclusion, or not yet have accrued.

## THIRTEENTH DEFENSE

If plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by his own willful conduct.

## FOURTEENTH DEFENSE

All actions taken by the defendants relating to plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-retaliatory reasons.

## FIFTEENTH DEFENSE

The Defendants assert the defenses of laches, waiver, and estoppel.

## SIXTEENTH DEFENSE

Plaintiff would have been subjected to the alleged employment actions (even absent any discriminatory motive *or* even if plaintiff did not engage in protected activities).

## SIXTEENTH DEFENSE

The statutory powers and duties of DMH, set forth in D.C. Code § 7-1101 (2006), *et seq.*, contain no provision for DMH to be sued in its own name. Accordingly, the Department of Mental Health is not a proper party to this action

**THE DEFENDANTS** reserve the right to Amend its Answer.

### SET-OFF

The Defendants asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

### JURY DEMAND

The defendants hereby demand a trial by jury on all issues so triable.

WHEREFORE, the Defendants prays the Court will dismiss the Complaint and award the District the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully submitted,

LINDA SINGER
Attorney General

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

_____/s/_____
NICOLE L. LYNCH (471953)
Chief, General Litigation Section II

_____/s/_____
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602

(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov